**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

Moises Jimenez,

                Plaintiff,        Case No. 23-10745

v.                          Judith E. Levy
                                  United States District Judge

Carole M. Stanyar, Wayne
County Prosecuting Attorney,      Mag. Judge Kimberly G. Altman
& City of Detroit,

                Defendants.

_____/

**OPINION AND ORDER GRANTING WAYNE COUNTY
DEFENDANTS' MOTION TO DISMISS [13]**

Plaintiff Moises Jimenez brings this civil rights lawsuit against Defendants Carole Stanyar, Wayne County Prosecuting Attorney, and the City of Detroit. Plaintiff alleges race and national origin discrimination under § 1983, the Fourteenth Amendment and the Michigan Elliott-Larsen Civil Rights Act ("ELCRA"), Mich. Comp. Laws § 37.2202. He claims that Defendants Stanyar and Wayne County Prosecuting Attorney discriminated against him by "causing the

constructive termination" of his employment as a Detroit Police Officer. (ECF No. 1, PageID.14.)

Before the Court is Defendants Stanyar and Wayne County Prosecuting Attorney's motion to dismiss or for summary judgment. (ECF No. 13.) The motion is fully briefed. (ECF Nos. 17, 23.) Additionally, an amicus brief was filed on behalf of the Michigan Attorney General and three county prosecutors' offices. (ECF No. 21.)

For the reasons set forth below, Defendants' motion to dismiss is GRANTED.

## I.   Background

Plaintiff is a former police officer at the Detroit Police Department who investigated the shooting that led to the conviction of Alexandre Ansari. (ECF No. 1, PageID.4–6.) Plaintiff is of Mexican heritage and identifies as Hispanic. (*Id.* at PageID.3.)

On September 22, 2012, an individual shot three people in southwest Detroit, killing one. (*Id.* at PageID.3–4.) On September 26, 2012, an individual shot and killed the brother of one of the persons injured in the September 22 shooting. (*Id.* at PageID.4.) Plaintiff was the "officer-in-charge" for the homicides and investigated them. (*Id.*) Plaintiff

alleges that there were indications that the murders were connected to a person referred to by Plaintiff as "J.S.", but that Plaintiff and other officers "could not discover any evidence that directly tied J.S. to the murders." (*Id.*) Instead, Plaintiff's investigation somehow led to Alexandre Ansari, who ended up being charged and convicted for the crime. (*Id.* at PageID.4–6.)

In 2016, the Wayne County Prosecutor's Office ("WCPO") opened an investigation into Mr. Ansari's conviction in their Conviction Integrity Unit ("CIU"). (*Id.* at PageID.6.) Defendant Stanyar was an Assistant Prosecuting Attorney within the CIU. (*Id.*) Plaintiff alleges that Stanyar, in her review of the case, failed to review the entire Ansari file, which "created the false impression that Plaintiff had failed to pursue various leads or did not turn over information to the prosecuting attorney assigned to Mr. Ansari's case." (*Id.* at PageID.6–7.) Additionally, Plaintiff alleges that Stanyar, in her memoranda detailing her interviews of Plaintiff, "manipulated [his] statements" to create a false impression that Plaintiff did not investigate J.S. because J.S. "had ties in Texas and Mexico and Jimenez has family in both places." (*Id.* at PageID.7–8.) Relevant portions of the 2/14/2019 memorandum are as follows:

3

The OIC, Moises Jimenez, in this case has now admitted to deliberately failing to investigate [J.S.] because [J.S.] is tied to a powerful Mexican drug cartel. Jimenez has family in Mexico, and Jimenez feared his family would be killed. This distorted every aspect of his investigation and the truth-finding process. . . .

* * *

Asked about whether or not he was interested in the [J.S.] Title III phone intercepts, he said he didn't want to know anything about the phones. At one point during our interview of him, he said that he had family in Mexico, and he "didn't want to end up on the witness stand in the federal case" because he believed that the Mexican drug cartel people would kill his family in Mexico.

(ECF Nos. 1, PageID.8; 17-4, PageID.320, 327–328.)

Plaintiff claims that these memoranda were "false and defamatory and demonstrate[d] a discriminatory animus towards Plaintiff." (ECF No. 1, PageID.8.) Plaintiff claims that, as a result, Lieutenant Mark Young, who was the president of the union, told Plaintiff in August 2020 that "considering Mr. Ansari's exoneration, the Integrity Unit investigation, and the reports from the Conviction Integrity Unit, Plaintiff's termination was inevitable." (*Id.* at PageID.10.) On August 12, 2020, Plaintiff submitted a letter to his Chief "requesting separation with eligibility for retirement," and he stopped working at the Detroit Police Department on September 3, 2020. (*Id.* at PageID.10–11.) Plaintiff alleges that, on the back of the letter, Christopher Graveline (the Director

4

of the Professional Standards Bureau) wrote, "Detective Jimenez is retiring pending a disciplinary hearing on case 20-0165." (*Id.* at PageID.11.)

## II.   Legal Standard

Defendants bring a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), or a motion for summary judgment under Federal Rule of Civil Procedure 56.

When deciding a motion to dismiss under Federal Rule of Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff's claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a

5

formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may not grant summary judgment if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004) (citing *Skousen v. Brighton High Sch.,* 305 F.3d 520, 526 (6th Cir. 2002)).

## III.   Analysis

### A.   Plaintiff's § 1983 Claim

Defendants' motion to dismiss presents many arguments for dismissal of Plaintiff's § 1983 claim. These arguments include whether Stanyar has prosecutorial immunity[1] and/or qualified immunity (ECF No. 13, PageID.61), whether Plaintiff sufficiently pled a municipal liability claim against Wayne County (*id.*), and whether Plaintiff sufficiently pled that Defendants were personally involved in the City of Detroit's employment decisions. (*Id.* at PageID.80.) Additionally, the parties disagree on Defendants' inclusion of eight exhibits in its motion to dismiss, and whether their inclusion converts the motion to dismiss to a motion for summary judgment. (ECF No. 17, PageID.284.)

These arguments need not be resolved. Because Plaintiff has not sufficiently pled a § 1983 claim against these Defendants, the Court need not take into consideration any of Defendants' exhibits nor make any findings on these additional arguments. Thus, the motion to dismiss will not be converted to a motion for summary judgment.

---

[1] The amicus brief submitted by the Michigan Attorney General's office and three county prosecutor's offices focuses on this argument. (ECF No. 25-1.)

>    i.   Plaintiff has not sufficiently pled a § 1983 equal
>         protection claim

A plaintiff bringing a claim under § 1983 must "allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, Plaintiff alleges that Defendants discriminated against him in violation of his rights secured by the Fourteenth Amendment. (ECF No. 1, PageID.13.) However, Plaintiff has not sufficiently pled a deprivation of a right secured by the Constitution or laws of the United States.

Fourteenth Amendment equal protection claims brought under § 1983 "must prove the same elements required to establish a disparate treatment claim under Title VII." *Perry v. McGinnis*, 209 F.3d 597, 601 (6th Cir. 2000). (*See also* ECF No. 1, PageID.14.) Plaintiffs are not required to make a prima facie showing to survive a motion to dismiss. *Keys v. Humana, Inc.*, 684 F.3d 605, 609 (6th Cir. 2012). Instead, the plaintiff must plead sufficient facts from which the court could plausibly conclude that the defendant instituted the adverse employment action due to Plaintiff's protected status. *Charlton-Perkins v. Univ. of Cincinnati*, 35 F.4th 1053, 1060–61 (6th Cir. 2022).

8

Here, Plaintiff does not plead sufficient facts alleging an adverse employment action. Plaintiff alleges that he was constructively terminated from his position at the Detroit Police Department. (ECF No. 1, PageID.14.) The Sixth Circuit described constructive termination, also known as constructive discharge, in *Laster v. City of Kalamazoo*:

> When an employer acts in a manner so as to have communicated to a reasonable employee that she will be terminated, and the plaintiff employee resigns, the employer's conduct may amount to constructive discharge. In other words, constructive discharge also occurs where, based on an employer's actions, "the handwriting was on the wall and the axe was about to fall."

746 F.3d 714, 728 (6th Cir. 2014) (quoting *EEOC v. Univ. of Chicago Hosps.*, 276 F.3d 326, 331–32 (7th Cir. 2002)).

Plaintiff fails to allege constructive discharge. In his complaint, he states that he had a meeting with Lieutenant Mark Young, the president of Plaintiff's union. (ECF No. 1, PageID.10.) In this meeting, "Lt. Young notified Plaintiff that considering Mr. Ansari's exoneration, the Integrity Unit investigation, and the reports from the Conviction Integrity Unit, Plaintiff's termination was inevitable." (*Id.*) After this meeting, Plaintiff submitted a letter to the Police Chief "requesting separation with eligibility for retirement." (*Id.* at PageID.10–11.)

Plaintiff did not allege that he resigned or retired because his employer – the Detroit Police Department – acted in a way that would indicate to a reasonable employee that they would be terminated. Instead, Plaintiff alleges that he believed his termination was "inevitable" due to his union representative's statements. (*Id.*) Lieutenant Young was not his employer, and the pleadings contain nothing that could lead the Court to plausibly conclude that he was a representative of the Detroit Police Department. *See Laster*, 746 F.3d at 729; s*ee also Funk v. City of Lansing*, 821 F. App'x 574, 580–81 (6th Cir. 2020) (granting summary judgment where plaintiff "resigned because of what Attorney Lett [from the police union] communicated to him, not Defendants").

The writing on the back of Plaintiff's resignation letter also does not demonstrate constructive discharge. (ECF No. 17, PageID.298.) Plaintiff does not allege that he was aware of a disciplinary hearing when he resigned, nor that Mr. Graveline wrote on his letter before he submitted it. Additionally, the existence of an upcoming disciplinary hearing is not an adverse employment action. *See also Dendinger v. Ohio*, 207 F. App'x 521, 527 (6th Cir. 2006 ("We have repeatedly held, however, that neither

an internal investigation into suspected wrongdoing by an employee nor that employee's placement on paid administrative leave pending the outcome of such an investigation constitutes an adverse employment action.").

Plaintiff was not constructively discharged and, as a result, did not experience an adverse employment action. Thus, Plaintiff has not pled any deprivation committed by a person acting under color of state law and has not met the Rule 12(b)(6) standard to survive a motion to dismiss. Accordingly, Plaintiff's federal claims against Defendants Stanyar and Wayne County Prosecuting Attorney are dismissed.

### B.   Plaintiff's state law claims

Defendants argue that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claim if the Federal claim fails. (ECF No. 13, PageID.88.) In the alternative, Defendants argue that the state law claim fails for the same reasons Plaintiff's federal law claim fails. (*Id.* at PageID.91–94.) Plaintiff has not sufficiently pled his ELCRA claims against these Defendants and his state law claims against these Defendants are also dismissed.

11

> ### i.   Plaintiff has not sufficiently pled a Mich. Comp. Laws § 37.2202 claim

Plaintiff brings suit under ELCRA, Mich. Comp. Laws § 37.2202. (ECF No. 1, PageID.17 (Count II).) Section 37.2202 prohibits employers from discriminating against their employees. Mich. Comp. Laws § 37.2202(1). Generally, courts analyze employment discrimination claims brought under this section using the same standards as claims brought under § 1983 and Title VII. *Ford v. Securitas Sec'y Servs. USA, Inc.*, 338 F. App'x 483, 486 (6th Cir. 2009); *Blick v. Ann Arbor Public School District*, 516 F. Supp. 3d 711, 721 (E.D. Mich. 2021). Plaintiff's failure to adequately plead an adverse employment action is also fatal to his ELCRA claim. *Blick*, 516 F. Supp. 3d at 722–23. Thus, the Court grants Defendants' motion to dismiss Plaintiff's § 37.2202 claim.

> ### ii.   Plaintiff has not sufficiently pled a Mich. Comp. Laws § 37.2302 claim

Plaintiff also brings suit under ELCRA, Mich. Comp. Laws § 37.2302. (ECF No. 1, PageID.21 (Count III).) Section 37.2302 prohibits persons from denying an individual the "full and equal enjoyment of the goods, services . . . or accommodations of a place of public accommodation

or public service because of [a protected status]." Mich. Comp. Laws
§ 37.2302(a).

The Court has serious doubts that Defendants' alleged actions –
writing two memoranda – would fall under the definition of a "public
service," and Plaintiff does not cite to any caselaw that suggests it would.
(ECF No. 17, PageID.301–302.) Regardless, Plaintiff's claim fails because
he does not sufficiently plead that he was "den[ied] . . . the full and equal
enjoyment" of a service. As set forth previously, Plaintiff has not
sufficiently pled that he experienced constructive termination and, thus,
the Court is unable to infer any deprivation of "full and equal enjoyment"
of any right. Mich. Comp. Laws § 37.2302(a). The Court will also grant
Defendants' motion to dismiss Count III.

> iii. *Plaintiff has not sufficiently pled a Mich. Comp. Laws
> § 37.2701 claim*

Plaintiff also brings suit under ELCRA, Mich. Comp. Laws
§ 37.2701. (ECF No. 1, PageID.24 (Count IV).) Under § 37.2701, a person
may not "[a]id, abet, incite, compel, or coerce a person to engage in a
violation of this act," nor "[a]ttempt directly or indirectly to commit an
act prohibited by this act." Plaintiff claims that Stanyar and Wayne
County Prosecuting Attorney violated § 37.2701 by aiding, abetting, or

inciting the City of Detroit to discriminate against him. (ECF No. 1, PageID.24.)

As set forth previously, Plaintiff has not sufficiently pled that he experienced constructive termination; instead, he pled that he resigned after speaking with his union's president. Thus, the Court is unable to infer that the City of Detroit or another Defendant committed a violation of this Act. The Court will also grant Defendants' motion to dismiss as to § 37.2701.

## IV. Conclusion

For the reasons set forth above, the Court GRANTS Defendants' motion to dismiss.

IT IS SO ORDERED.

Dated: November 8, 2023                    s/Judith E. Levy
     Ann Arbor, Michigan               JUDITH E. LEVY
                                     United States District Judge

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 8, 2023.

<u>s/William Barkholz</u>
WILLIAM BARKHOLZ
Case Manager